# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| STEVEN LONELL PETE,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | No. ED CV 11-1102-RGK (PLA)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION |

Petitioner initiated this action on July 13, 2011, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 2000 conviction in the Riverside County Superior Court. The Court observes that on July 15, 2004, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 04-871-RGK (PLA), in which petitioner challenged the same conviction. The 2004 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on January 9, 2007.[1]

/

---

[1] On August 19, 2003, petitioner filed an earlier federal habeas petition in this Court, Case No. ED CV 03-945-RGK (PLA), in which he also challenged his 2000 conviction in the Riverside County Superior Court. However, petitioner's federal petition in Case No. ED CV 03-945-RGK (PLA) was filed while petitioner's state habeas petition in the California Supreme Court was still pending, and thus the federal petition was dismissed without prejudice on January 14, 2004, due to the pendency of the state petition. (See Judgment in Case No. ED CV 03-945-RGK (PLA)).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2004 federal habeas challenge, petitioner raised the following claims: (1) petitioner's counsel rendered ineffective assistance for failing to timely object to the presentation of inadmissible evidence to the jury; (2) petitioner was deprived of his rights to due process and a fair trial because of the prosecutor's misconduct in presenting evidence to the jury that was inadmissible; (3) petitioner's counsel rendered ineffective assistance for failing to object to improper witness testimony; (4) petitioner's counsel rendered ineffective assistance for failing to object to, request an admonition for, or move for a mistrial due to the prosecutor's false insinuation that petitioner was involved in a prior homicide; (5) petitioner's counsel was ineffective for failing

to request a modified version of CALJIC No. 2.05, and for failing to object to CALJIC No. 2.06; (6) petitioner's rights to due process, a fair trial, and effective assistance of counsel were violated by the admission of evidence concerning witness dissuasion; (7) petitioner's counsel was ineffective because he failed to pursue the most advantageous sentencing disposition; (8) petitioner's counsel was ineffective because he failed to request CALJIC No. 17.01; (9) petitioner's rights to due process and to a fair trial were violated by the prosecutor's misconduct in eliciting testimony that falsely implied petitioner was involved in a prior homicide; (10) petitioner's rights to due process and to a fair trial were violated by the admission of an inadmissible transcript; (11) the trial court erred by failing to instruct the jury <u>sua sponte</u> that the jury had to agree unanimously on which act both the attempted murder and the corresponding special allegations were based, and alternatively, petitioner's counsel was ineffective for not requesting such an instruction; (12) the trial court failed to <u>sua sponte</u> give a unanimity instruction, and petitioner's counsel was ineffective for failing to request such an instruction; (13) the trial court violated California Penal Code § 654 in punishing petitioner for both attempted murder and robbery; (14) the use of CALJIC No. 17.41.1 deprived petitioner of his right to a unanimous jury; (15) petitioner was denied due process and a fair trial due to cumulative error; (16) the use of CALJIC Nos. 2.05 and 2.06 deprived petitioner of his rights to due process and to a fair trial; and (17) petitioner's right to present a defense was violated by the trial court's reversal of its decision to admit a defense exhibit. (<u>See</u> Report and Recommendation, entered on September 25, 2006, Case No. ED CV 04-871-RGK (PLA)). As mentioned above, the action was dismissed on the merits with prejudice. (<u>See</u> Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on January 9, 2007). Petitioner's subsequent requests for a certificate of appealability were denied by the District Judge on February 7, 2007, and by the Ninth Circuit on August 30, 2007.

Because petitioner's earlier federal petition was denied on the merits, the instant Petition is considered to be a second or successive application. Even if it were found that any or all of the 11 claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication in the record, however, that petitioner

| | |
|---|---|
|1| has obtained such authorization.  See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166|
|2| L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals|
|3| before filing a second habeas petition).  Thus, it appears that the Court is without jurisdiction to|
|4| entertain the Petition.  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district|
|5| court may not, in the absence of proper authorization from the court of appeals, consider a second|
|6| or successive habeas application.'").|

Accordingly, petitioner is **ordered to show cause** why the Petition should not be dismissed as successive.  Specifically, petitioner must submit to the Court **on or before July 29, 2011**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition, and that the Ninth Circuit issued such an order.  **Failure to respond by July 29, 2011, will result in the Petition being dismissed without prejudice.**[2]  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

DATED:  July 15, 2011

*(signed)* Paul L. Abrams

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice to petitioner's right to seek authorization from the Ninth Circuit.