UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN LONELL PETE, | ) | No. ED CV 11-1102-RGK (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

Petitioner initiated this action on July 13, 2011, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition challenges petitioner's 2000 conviction in the Riverside County Superior Court.  On July 15, 2004, petitioner filed an earlier habeas petition in this Court, Case No. ED CV 04-871-RGK (PLA), in which petitioner challenged the same conviction.  The 2004 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on January 9, 2007.[1]  (See Judgment in Case. No. ED CV 04-871-RGK (PLA)).

---

[1] On August 19, 2003, petitioner filed an earlier federal habeas petition in this Court, Case No. ED CV 03-945-RGK (PLA), in which he also challenged his 2000 conviction in the Riverside County Superior Court.  However, petitioner's federal petition in Case No. ED CV 03-945-RGK (PLA) was filed while petitioner's state habeas petition in the California Supreme Court was still pending, and thus the federal petition was dismissed without prejudice on January 14, 2004, due to the pendency of the state petition.  (See Judgment in Case No. ED CV 03-945-RGK (PLA)).

On July 15, 2011, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, in which petitioner was given until July 29, 2011, to show cause why the Petition should not be dismissed as successive. Subsequently, on August 10, 2011, petitioner filed a Request for Approval of Substitution of Attorney, which was granted by the Magistrate Judge, and petitioner is now currently represented by counsel. On August 26, 2011, petitioner through his counsel filed a Response to Order to Show Cause ("Response").

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2004 federal habeas challenge, petitioner raised the following claims challenging his 2000 conviction: (1) petitioner's counsel rendered ineffective assistance for failing to timely object

2

to the presentation of inadmissible evidence to the jury; (2) petitioner was deprived of his rights to due process and a fair trial because of the prosecutor's misconduct in presenting evidence to the jury that was inadmissible; (3) petitioner's counsel rendered ineffective assistance for failing to object to improper witness testimony; (4) petitioner's counsel rendered ineffective assistance for failing to object to, request an admonition for, or move for a mistrial due to the prosecutor's false insinuation that petitioner was involved in a prior homicide; (5) petitioner's counsel was ineffective for failing to request a modified version of CALJIC No. 2.05, and for failing to object to CALJIC No. 2.06; (6) petitioner's rights to due process, a fair trial, and effective assistance of counsel were violated by the admission of evidence concerning witness dissuasion; (7) petitioner's counsel was ineffective because he failed to pursue the most advantageous sentencing disposition; (8) petitioner's counsel was ineffective because he failed to request CALJIC No. 17.01; (9) petitioner's rights to due process and to a fair trial were violated by the prosecutor's misconduct in eliciting testimony that falsely implied petitioner was involved in a prior homicide; (10) petitioner's rights to due process and to a fair trial were violated by the admission of an inadmissible transcript; (11) the trial court erred by failing to instruct the jury <u>sua sponte</u> that the jury had to agree unanimously on which act both the attempted murder and the corresponding special allegations were based, and alternatively, petitioner's counsel was ineffective for not requesting such an instruction; (12) the trial court failed to <u>sua sponte</u> give a unanimity instruction, and petitioner's counsel was ineffective for failing to request such an instruction; (13) the trial court violated California Penal Code § 654 in punishing petitioner for both attempted murder and robbery; (14) the use of CALJIC No. 17.41.1 deprived petitioner of his right to a unanimous jury; (15) petitioner was denied due process and a fair trial due to cumulative error; (16) the use of CALJIC Nos. 2.05 and 2.06 deprived petitioner of his rights to due process and to a fair trial; and (17) petitioner's right to present a defense was violated by the trial court's reversal of its decision to admit a defense exhibit. (<u>See</u> Report and Recommendation, entered on September 25, 2006, Case No. ED CV 04-871-RGK (PLA)). As mentioned above, the action was dismissed on the merits with prejudice. (<u>See</u> Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on January 9, 2007). Petitioner's subsequent requests for a certificate

of appealability were denied by this Court on February 7, 2007, and by the Ninth Circuit on August 30, 2007.

In the instant Petition, petitioner again challenges his 2000 conviction, and asserts the following grounds for relief:  (1) prosecutorial misconduct and ineffective assistance of counsel concerning the presentation of an inadmissible tape recording; (2) the trial court erred by allowing into evidence transcripts which were inadmissible; (3) prosecutorial misconduct with respect to a witness examination; (4) instructional error for failing to instruct the jury that evidence of attempts by third parties to suppress evidence or dissuade witnesses could not be considered against petitioner unless petitioner authorized the conduct; (5) the trial court abused its discretion by admitting evidence that third parties attempted to suppress evidence or dissuade a witness from testifying, and trial counsel was ineffective for failing to object to the admission of this evidence; (6) ineffective assistance of counsel for failing to object to the victim's improper testimony; (7) petitioner was denied his right to present a defense by the exclusion of exculpatory evidence; (8) instructional error for instructing the jury with CALJIC No. 17.41.1; (9) sentencing error because the trial court, and not the jury, made factual findings to support the sentence enhancements; (10) petitioner's two 25 years-to-life sentences were improper; and (11) cumulative error.  (Petition, Memorandum of Points and Authorities at 8-18).

In the July 15, 2011, Order to Show Cause, the Magistrate Judge advised petitioner that unless he submitted documentation showing that he had filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition <u>and</u> that the Ninth Circuit issued such an order, the instant Petition would be dismissed without prejudice.  In his Response, petitioner asserts that the instant Petition is not successive because "the issues alleged are not the same issues alleged in the prior Petition." (Response at 4).  Nevertheless, in an apparent concession that he has not requested and received authorization to file a successive petition, petitioner requests that the Court, should it deem the instant Petition successive, transfer this matter to the Ninth Circuit pursuant to 28 U.S.C. § 1631 so that his claims "can be reviewed as soon as possible" in order "to determine the issue of authorization for a successive petition."

(Response at 6). According to petitioner, a transfer is necessary because it is in "the interest of justice to protect [his] liberty" and "to have his petition heard at the earliest date." (Id.).

Petitioner's argument that the instant Petition is not successive because it contains new claims is unavailing. As set forth above, a habeas petition is successive if it raises claims that *could have been* adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if petitioner has raised different claims in the instant Petition, these claims -- which all relate to events that took place during his trial -- could have been raised in his prior Petition. Accordingly, given that the prior Petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b).[2] See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Where, as here, a district court finds that jurisdiction is lacking, it may dismiss the petition. See, e.g., Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988). Alternatively, a district court may transfer an action to another court in which the action could have been brought, "if it is in the interest of justice." 28 U.S.C. § 1631; Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, the Court concludes that it is not in the interest of justice to transfer the instant action to the Ninth Circuit. Given that petitioner was convicted in 2000 and filed his prior Petition in 2004, and that it appears the factual predicate for the instant claims could have been ascertained prior to the time the 2004 Petition was filed, it does not appear that petitioner has

---

[2] Even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A).

1  acted with diligence as required under 28 U.S.C. § 2244(b). <u>See</u> 28 U.S.C. § 2244(b)(2)(B)(i) (not
2  allowing a successive petition unless the petitioner shows, <u>inter alia</u>, that the factual predicate for
3  the claim could not have been discovered previously through the exercise of due diligence).
4  Accordingly, given petitioner's lack of diligence, it does not seem likely that he would ultimately be
5  granted permission to file a successive petition.  Under these circumstances, the Court finds that
6  a transfer is not appropriate, and that the instant Petition must be dismissed without prejudice.

## **ORDER**

It is hereby **ORDERED** that the Petition is dismissed without prejudice as successive.

DATED: September 2, 2011

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE